UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

Gregory J. Lundberg and Constance L. Lundberg,      Case No. 19-10014
                                                             Chapter 12 Case
                                                             Hon. Carl L. Bucki, USBJ

                               Debtors
_____

### NOTICE OF MOTION OF GREGORY J. AND CONSTANCE L. LUNDBERG FOR AN ORDER (I) AUTHORIZING ASSUMPTION OF AN AGREEMENT FOR THE SALE OF REAL PROPERTY; (II) AUTHORIZING THE SALE OF SUCH REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (III) ESTABLISHING BID AND SALE PROCEDURES FOR THE SALE OF SUCH REAL PROPERTY; (IV) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF SUCH REAL PROPERTY; AND (V) APPROVING THE FORM AND MANNER OF NOTICE OF THE <u>SALE OF SUCH REAL PROPERTY</u>

**PLEASE TAKE NOTICE** that Gregory J. Lundberg and Constance L.

Lundberg, as debtors and debtors in possession (the "Debtors"), by and through their counsel,

Hodgson Russ, LLP, filed the Motion for entry of an order: (I) authorizing assumption of an

agreement for the sale of approximately 70 acres of *a part of* real property located in the town of

East Otto, Cattaraugus County, New York, known as "VL - (0) Safford Road" or Tax Map No.

36.002-1-5.1, including all privileges, rights, easements, and appurtenances thereto (the "Real

Property"), free and clear of liens, claims, encumbrances, and interests; (II) authorizing the sale

of such Real Property; (III) establishing Bid and Sale Procedures for the sale of such Real

Property; (IV) scheduling a hearing on the approval of the sale of such Real Property; and (V)

approving the form and manner of notice of the sale of such Real Property, to be used in

connection with the proposed sale of the Real Property.

- 1 -

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held **April 17, 2020 at 2 p.m.,** unless otherwise continued by the Debtors, at the United States Bankruptcy Court, Western District of New York, Orleans Courtroom, Fifth Floor, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, before the Honorable Carl L. Bucki, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that the Motion is on file with the Clerk of the U.S. Bankruptcy Court for the Western District of New York. Copies may be obtained by contacting Hodgson Russ LLP, The Guaranty Building, 140 Pearl Street, Suite 100, Buffalo, New York, 14202, Telephone No.: (716) 856-4000, (Attn: Michelle Heftka). The Motion may also be examined and inspected by interested parties on the Court's website (http://www.nysb.uscourts.gov). Please note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that objections (if any) to the Motion shall be in writing, shall set forth the name of the objecting party, the basis for the objection and the specific grounds therefore, must conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Western District of New York, are due as soon as practicable in accordance with Rule 9013-1(B) of the Local Rules of Bankruptcy Procedure for the Western District of New York, and must be served upon the following parties: (I) Hodgson Russ LLP, 140 Pearl Street, Suite 100, Buffalo, New York 14202 (Attn: Garry M. Graber, Esq. and James J. Zawodzinski, Jr., Esq.); (II) the Trustee, Morris L. Horwitz, Atty. at Law, P.O. Box 716, Getzville, New York, 14068 (Attn: Morris L. Horwitz); (III) the Office of the United States Trustee, Olympic Towers, 300 Pearl Street, Suite 401, Buffalo, New York, 14202 (Attn: Joseph

- 2 -

Allen, Esq.); and (IV) the United States Bankruptcy Court, Robert H. Jackson U.S. Courthouse,

2 Niagara Square, Buffalo, New York, 14202 (Attn: Judge Bucki, marked 'Chambers Copy').

Dated: Buffalo, New York
April 2, 2020

By: __s/James J. Zawodzinski, Jr.__
**HODGSON RUSS LLP**
Garry M. Graber, Esq.
James J. Zawodzinski, Jr., Esq.
140 Pearl St., Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
Facsimile: (716) 849-0349
*Attorneys for Gregory J. Lundberg and*
*Constance L. Lundberg*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

Gregory J. Lundberg and Constance L. Lundberg,     Case No. 19-10014
     Chapter 12 Case
     Hon. Carl L. Bucki, USBJ

                Debtors.
_____

**MOTION OF GREGORY J. AND CONSTANCE L. LUNDBERG FOR AN ORDER (I)
AUTHORIZING ASSUMPTION OF AN AGREEMENT FOR THE SALE OF REAL
PROPERTY; (II) AUTHORIZING THE SALE OF SUCH REAL PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (III)
ESTABLISHING BID AND SALE PROCEDURES FOR THE SALE OF SUCH REAL
PROPERTY; (IV) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE
OF SUCH REAL PROPERTY; AND (V) APPROVING THE FORM AND MANNER OF
NOTICE OF THE SALE OF SUCH REAL PROPERTY**

Gregory J. Lundberg and Constance L. Lundberg (the "Debtors"), pursuant to

Bankruptcy Code §§ 363, 365, and 1206 and Bankruptcy Rules 6004 and 6006, moves this Court

by this Motion (the "Motion"), by and through their counsel, Hodgson Russ, LLP, for entry of an

order: (I) authorizing assumption of an agreement for the sale of approximately 70 acres of *a

part of* real property, as depicted on the schematic annexed hereto as **Exhibit A** located in the

town of East Otto, Cattaraugus County, New York, known as VL – (0) Safford Road on Tax

Map No. 36.002-1-5.1, together with all improvements thereupon, including all privileges, rights,

easements, and appurtenances thereto (the "Real Property"), free and clear of liens, claims,

encumbrances, and interests, with Aaron A. Hertzler and Katieann B. Hertzler, or theirs assignee

(collectively "Purchasers"), pursuant to the terms set forth in the Purchase and Sale Contract for

Real Property (the "Agreement"), dated February 22, 2020, annexed hereto as **Exhibit B**; (II)

authorizing the sale of such Real Property pursuant to the terms set forth in the Agreement to

Purchasers; (III) establishing Bid and Sale Procedures for the sale of such Real Property (the

"Bid and Sale Procedures") annexed hereto as **Exhibit C**; (IV) scheduling a hearing on the approval of the sale of such Real Property; (V) approving the form and manner of notice of the sale of such Real Property; and (VI) granting other appropriate related relief.

## SUMMARY OF RELIEF REQUIRED

1.      The Debtors entered into the Agreement with the Purchasers for the sale of the Real Property, together with all improvements thereon, including all privileges, rights, easements, and appurtenances thereto.  The Debtors respectfully request this Court to authorize the Debtors to assume the Agreement in its entirety and authorize the sale of the Real Property to the Purchasers or any third party that should be the successful Qualified Bidder.  The Debtors seek to establish a Bid and Sale Procedures Order.  The Debtors believe that a sale of the Real Property to the Purchasers will maximize the value of their estate and will represent the best possible outcome for the above captioned case.

## BACKGROUND AND JURISDICTION

2.      On January 4, 2019 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 12 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of New York (the "Court"), commencing the Debtors' Chapter 12 case (the "Chapter 12 Case").

3.      On January 7, 2019, Morris L. Horwitz was appointed by the United States Trustee, as Trustee for this Chapter 12 Case.  No official committees have been appointed or designated as of the filing of this Motion.

-2-

4.      By way of this Motion, the Debtors seek this Court's approval to enter into the Agreement.  It is the Debtors' intention to facilitate an orderly distribution of proceeds to the bankruptcy estate through the sale and closing of the Real Property.

5.      The Agreement purports to convey fee simple title via warranty deed with lien covenant to the Real Property.  In exchange, the Purchasers have agreed to pay $84,000.00, less a deposit of $1,000.00, on the tentative closing date of April 30, 2020.

6.      Notably, the Agreement provides that portions of the Real Property, as depicted in Exhibit A annexed hereto, are excluded from the sale of the Real Property for the Debtors' continued occupancy and use, or for additional sales to which the Debtors may engage potential purchasers for.

7.      The purpose and goal of any asset sale is to maximize the recovery of value for the benefit of the estate.  *In re Jon J. Peterson, Inc.*, 411 B.R. 131, 137 (Bankr. W.D.N.Y. 2009).  A "stalking horse" offer will facilitate a realization of that value, by establishing a framework for bidding.  *Id.*  Purchasers remain committed to purchasing the Real Property pursuant to the terms set forth in the Agreement.

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are §§ 105(a), 363, 365, and 1206 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

## SALE AND AUCTION PROCEDURES

9.     Pursuant to §§ 363, 365, and 1206 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 6006, the Debtors seek approval of procedures for the submission of bids and the sale of the Real Property.

10.     The Debtors propose a hearing to consider approval of the Bid and Sale Procedures Order and a Sale Hearing (the "Hearings"). The Debtors propose the date of the Hearing to consider approval of the Bid and Sale Procedures Order for **April 17, 2020 at 2:00 p.m.** (the "Bid Hearing") and a Sale Hearing to be conducted contemporaneous with an Auction, if any, on **May 8, 2020 at 10 a.m.** The Hearings will give interested parties an opportunity to conclude their due diligence and finalize a purchase offer.

11.     The Debtors request that the Court authorize the sale of the Real Property pursuant to the terms in the Agreement. The Agreement contains the Debtors' preferred transaction terms and transaction structure, but interested bidders may mark-up the Agreement in connection with their bids, subject to review and acceptance of any changes by the Debtors. As discussed, the Debtors reserve the right to modify the terms of the Agreement.

12.     The Debtors respectfully request this Court to authorize the Debtors to assume the Agreement in its entirety for purposes of completing the sale process pursuant to Section § 365 of the Bankruptcy Code. The Agreement also contemplates the sale of the Real Property free and clear of liens, claims, encumbrances, and other interests with all such interests to attach to the proceeds of the sale in the order of priority and with the same validity, force, and effect that such interest has against the Real Property. The Agreement contains the following material terms:

a.      Purchased Asset – unless defined differently in an Agreement submitted by a potential purchaser, the Purchased Asset refers to the Real Property;

b.      Purchase Price – paid in immediately available funds at closing in an amount of $84,000.00 (or such higher sum as shall constitute the Successful Bid pursuant to the Bidding Procedures), subject to adjustment for Real Property taxes, sewer and water charges and other similar items ("Purchase Price");

c.      Excluded Assets – include, without limitation, all cash and accounts receivable;

d.      Required Cash Deposit – 10% of the Initial Bid against the Purchase Price (defined below); and

e.      Exclusion of portions of the Real Property, as depicted on Exhibit A annexed hereto.

13.      Parties must submit bids in accordance with the procedures described herein or as otherwise approved by the Court.  Accordingly, the Debtors request that this Court approve the proposed sale process, including the Bid and Sale Procedures Order.

14.      The Debtors believe that the proposed sale process described herein offers the best opportunity for the Debtors to maximize the value of the Real Property for the benefit of its estate.  The Debtors submit that implementation of the proposed sale process is in the best interests of the estate herein, and should be approved.

## PROPOSED NOTICE OF AUCTION AND SALE HEARING

15.      Pursuant to Bankruptcy Rule 2002(a) and 9006, the Debtors are required to provide its creditors with 21 days' notice of the Sale Hearing, such notice must include the date, time, and place of the Sale Hearing, and the deadline for filing any objections to the relief requested in the sale Motion.  The Debtors propose that the deadline for objecting to approval of the proposed sale be set for 5:00 p.m., prevailing local time, two (2) business days prior to the date set for the Sale Hearing.

-5-

16.     The Debtors will provide notice of the Motion by first-class mail, postage prepaid upon the following parties: (a) the Office of the U.S. Trustee for the Western District of New York; (b) all other known parties with liens of record on assets of the Debtors as of the Petition Date; (c) all parties that have filed notices of appearance requesting service in the Chapter 12 Case (the "Notice Parties"); and (d) all other parties required to receive notice pursuant to Bankruptcy Rules 2002, 4001, or 9014 or requesting to receive notice prior to the date hereof.  The notice shall indicate that the Motion can be obtained without charge from counsel for the Debtors.

17.     The notice will include, among other things, the date, time, and place of the Sale Hearing and the deadline for filing objections to the sale and, will therefore, comply with Bankruptcy Rule 2002(c).  The Debtors submit that the methods of notice described herein comply fully with Bankruptcy Rule 2002 and constitute good and adequate notice of the proposed sale of the Real Property.

## RELIEF REQUESTED

18.     By this Motion, the Debtors request that the Court grant the following relief:

a.      Approving the (i) Bid and Sale Procedures Order, including the procedures for submitting Initial Bids, conducting the Sale Hearing and identifying the Prevailing Bid and the Next Highest Bid and (ii) the Proposed Notice of Hearing and Sale Hearing; and

b.      Following the Sale Hearing, entry of an Order approving the sale of the Real Property in accordance with the proposed sale process and making the following determinations, among others, with respect to such sale or sales:

Case 1-19-10014-CLB,   Doc 44,   Filed 04/02/20,   Entered 04/09/20 14:40:58,
Description: Main Document  , Page 9 of 46

i. that such sale has been agreed upon, and will be made and completed, in good faith, for purposes of the provisions of Sections 363(m) and 365 of the Bankruptcy Code;

ii. that such sale shall be made, and the Real Property shall be delivered to the Successful Bidder, free and clear of any and all liens, claims, encumbrances, and interests (other than as specified in the definitive agreement) with any liens, claims, encumbrances, and interests to attach to the sale proceeds in the same manner and priority as existed on the Petition Date;

iii. that the party who submitted the Prevailing Bid shall receive good, valid, and marketable title to the Real Property (together with the rights to improvements thereon, including all privileges, rights, easements and appurtenances thereto, including mineral and surface rights included within each Prevailing Bid that is approved by the Court);

iv. that the Debtors have the authority at the Closing to assume and assign to the Successful Bidder all associated improvements thereon, including all privileges, rights, easements and appurtenances thereto, including mineral and surface rights designated by the Successful Bidder in the Agreement free and clear of liens, claims, and encumbrances, and to find that the Cure Amounts are in full satisfaction of all amounts due and owing to cure the same; and

v. that the fourteen (14) day stay period provided for in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure shall not be in effect with respect to the Sale Order and the Sale Order shall be effective and enforceable immediately upon its entry.

## LEGAL ARGUMENTS IN SUPPORT OF REQUESTED RELIEF

### A. The Proposed Sale of the Real Property is Within the Sound Business Judgment of the Debtors and the Proposed Bid Procedures Are Appropriate and Reasonable

19. Section 363 of the Bankruptcy Code provides that debtors in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...."  11 U.S.C. § 363(b)(1); *see also* Bankruptcy Rule 6004(b)(1) ("All sales not in the ordinary course of business may be by private sale or by public auction").

-7-

20.     The decision to sell assets outside the ordinary course of business is based upon the sound business judgment of the Debtor.  *See, e.g., In re Chateaugay Corp.*, 973 F.2d 141 (2d Cir. 1992); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.),* 772 F.2d 1063, 1071 (2d Cir. 1983); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG) (Bankr. S.D.N.Y. July 31, 2002).  *See also, Official Comm. of Sub. Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993), quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985) ("the business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of the company,'" which has continued applicability in bankruptcy).

21.     Courts generally show great deference to a debtor in possession's decisions when applying the business judgment standard.  *See In re Global Crossing, Ltd.*, 295 B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the caselaw.").

22.     Once a court is satisfied that there is a sound business justification for the proposed sale, the court must then determine whether: (i) the debtor in possession has provided the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith.  *In re Betty Owens Sch., Inc.* 1997 WL 188127 (S.D.N.Y. 1997); *accord In re Delaware and Hudson Ry. Co.*, 124 B.R. 169, 166 (D. Del. 1991); *In re Decora Indus., Inc.*, Case No. 00-4459, 2002 WL 32332749 at *3 (Bankr. D. Del. May 20, 2002).  The business judgment standard has been met here.

23. The timeline for submitting bids under the proposed Bid and Sale Procedures Order is necessary to obtain the maximum value for the Real Property and to preserve the value of the Real Property under the circumstances.

24. In sum, the sale of the Real Property and the Bid and Sale Procedures Order contemplated herein reflect a sound business purpose, are a valid exercise of the Debtors' business judgment, and are fair and reasonable.

### B. The Auction Will Satisfy the Requirements of Sections 363(f) 1206 for a Sale Free and Clear

25. In the interest of attracting the best offers, the sale of the Real Property should be free and clear of any and all liens, claims, encumbrances, and interests in accordance with § 363(f) of the Bankruptcy Code, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale in accordance with the relative priorities of such liens, claims, encumbrances and interests. Under § 363(f) of the Bankruptcy Code, a debtor in possession may sell property of the estate free and clear of all interests (including liens, claims and encumbrances) if:

a. applicable nonbankruptcy law permits the sale of such property free and clear of such interest;

b. the entity with the interest consents;

c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d. such interest is in bona fide dispute; or

e. such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest.

*See* 11 U.S.C. § 363(f); *see also Precision Indus. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 545 (7th Cir. 2003). Section 363(f) is drafted in the disjunctive. Satisfaction of any one of the

factors set forth in Section 363(f) allows a sale, including the dispositions contemplated herein, and transfer assets of the estate free and clear.

26.     With respect to any party asserting a lien, claim, or encumbrance against the Real Property, the Debtors believe that they will be able to satisfy one or more of the conditions set forth in § 363(f).  In particular, the Debtors believe that any lienholders will be adequately protected by having their interests, if any, attach to the proceeds of the sale, in the same order of priority and with the same validity, force and effect that such creditor had prior to the sale, subject to any claims and defenses the Debtors and their estate may have with respect thereto.

27.     Finally, the Debtors believe that creditors with any interest in the Real Property, including the secured creditors, will consent to a proposed sale free and clear of liens, claims, encumbrances and interests, if applicable.  *See* 11 U.S.C. § 363(f)(2).  To the extent such creditors do not consent explicitly or implicitly, the Debtors believe that the sale will nonetheless satisfy one or more of the factors in Section 363(f).

28.     Notwithstanding, the proposed sale pursuant to 11 U.S.C. § 1206 can be so ordered by this Court **without** the consent of the Converting Debtors' secured creditors (notwithstanding FCE's continued support).  *See In re Carter*, 1988 WL 1607919, at *1 (Bankr. S.D.Ga. July 14, 1988) ("Section 1206 is set to modify Section 363, so as to permit sales **over the objection** of a secured creditor." (emphasis added)); *see also In re Brileya*, 108 B.R. 444, 447-48 (Bankr. D. Vt. 1989) ("Section 1206 modifies § 363(f) so the debtor can sell assets not necessary to the reorganization **without the secured creditor's consent**" . . . and "[s]ection 1206

allows the DIP to sell unnecessary property ***without the consent of the secured creditor***."
(emphasis added)).

   **C.**   **The Successful Bidder at the Auction will be Entitled**
   **to the Protections Afforded to Good Faith Purchasers**

   29.   Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's
interest in property purchased from the debtor notwithstanding that the sale conducted under
§ 363(b) is later reversed or modified on appeal.   Specifically, § 363(m) states that:

> The reversal or modification on appeal of an authorization under
> [section 363(b)]...does not affect the validity of a sale...to an entity
> that purchased...such property in good faith, whether or not such
> entity knew of the pendency of the appeal, unless such authorization
> and such sale...were stayed pending appeal.

11 U.S.C. § 363(m).   Section 363(m) "fosters the 'policy of not only affording finality to the
judgment of the bankruptcy court, but particularly to give finality to those orders and judgments
upon which third parties rely.'"   *In re Chateaugay Corp.,* 1993 U.S. Dist. Lexis 6130, at *9
(S.D.N.Y. 1993) (quoting *In re Abbotts Dairies of Penn, Inc.,* 788 F.2d 143 and 147); *see also
Allstate Ins. Co. v. Hughes,* 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m)...provides that
good faith transfers of property will not be affected by the reversal or modification on appeal of
an unstayed order, whether or not the transferee knew the pendency of the appeal."); *In re Stein
& Day, Inc.,* 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("pursuant to 11 U.S.C. § 363(m). Good
faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending
appeal").

   30.   The selection of the successful bidder will be the product of arm's-length,
good-faith negotiations in an anticipated competitive purchasing process through which the
Debtors will seek to maximize the value available for the Real Property.   The Debtors intend to

request at the Sale Hearing a finding that the successful bidder is a good-faith purchaser entitled to the protections of § 363(m) of the Bankruptcy Code. The Debtors believe that providing the successful bidder with such protection will ensure that the maximum price will be received by the Debtors for the Real Property and allow for a prompt closing of the sale.

### D. The Court Should Waive the Fourteen Day Stay Imposed by Bankruptcy Rules 6004(h) and 6006(b)

31. The Debtor requests that, upon entry of the Sale Order, the Court waive the fourteen-day stay requirements of Bankruptcy Rules 6004(h) and 6006(d). The waiver of the fourteen-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d) is a condition of the Agreement to be entered into with the successful bidder. The Debtors respectfully request that the Court waive the fourteen-day stay requirements contained in Bankruptcy Rules 6004(h) and 6006(d).

## NOTICE

32. Notice of this Motion has been provided to: (a) the Office of the U.S. Trustee for the Western District of New York; (b) all other known parties with liens of record on assets of the Debtors as of the Petition Date; (c) all parties that have filed notices of appearance requesting service in the Case (the "Notice Parties"); and (d) all other parties required to receive notice pursuant to Bankruptcy Rules 2002, 4001, or 9014 or requesting to receive notice prior to the date hereof. The notice shall indicate that the Motion can be obtained without charge from counsel for the Debtors. The Debtors submit that no other Notice need be provided.

## NO PRIOR REQUEST

33. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this Chapter 12 Case.

WHEREFORE, the Debtors respectfully request that the Court (I) enter an order (a) establishing the Bid and Sale Procedures Order described herein, and (b) approving the form and notice of the sale, and (II) enter an order setting a date for the Sale Hearing approving the sale to a successful bidder, and grant such other and further relief to the Debtors as the Court may deem proper.

Dated: Buffalo, New York
      April 2, 2020

By:   s/James J. Zawodzinski, Jr.        
**HODGSON RUSS LLP**
Garry M. Graber, Esq.
James J. Zawodzinski, Jr., Esq.
140 Pearl St., Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
Facsimile: (716) 819-4645
*Attorneys Gregory J. Lundberg and*
*Constance L. Lundberg*

# Exhibit "A"



Photo for 36.002-1-5.1 in East Otto

APPROXimate lot line

Left portion
70 acres
Landberg to Hertzler

Right portion
Retained by
Seller

# Exhibit "B"

# PURCHASE AND SALE CONTRACT
# FOR REAL PROPERTY

**When Signed, This Document Becomes A Binding Contract. Buyer or Seller May Wish to Consult Their Own Attorney.**

### TO: Greg Lundberg and Constance L. Lundberg (Seller)
### FROM: Aaron A. Hertzler and Katieann B. Hertzler (Buyer)

## OFFER TO PURCHASE

Buyer offers to purchase the property described below from Seller on the following terms:

1. **PROPERTY DESCRIPTION.** Property known as **vl - (0) Safford Road** in the Town of **East Otto** Cattaraugus County, New York, also known as **part of** Tax Map No. **36.002-1-5.1** including all buildings and any other improvements and all rights which the Seller has in or with the property. Approximate Lot Size: **70 acres** Description of buildings on property: **Vacant Land**

2. **OTHER ITEMS INCLUDED IN PURCHASE.** The following items, if any, now in or on the property are included in this purchase and sale: All heating, plumbing, septic and private water systems, lighting fixtures, flowers, shrubs, trees, window shades and blinds, curtain and traverse rods, storm windows, storm doors, screens, awnings, TV antennae, satellite dish and all related equipment and accessories, water softeners, sump pumps, window boxes, mail box, tool shed, fences, underground pet containment fencing with control devices, wall-to-wall carpeting and runners, exhaust fans, hoods, garbage disposal, electric garage door opener and remote control devices, intercom equipment, humidifier, security systems and security codes, smoke detectors, all fireplace screens and enclosures, swimming pool and all related equipment and accessories, and the following, if built-in: cabinets, mirrors, microwave ovens, stoves, ovens, dishwashers, trash compactors, shelving, basketball apparatus, and air conditioning (except window units). Buyer agrees to accept these items in their present conditions. Other items to be included in the purchase and sale are: **N/A**

Seller represents that Seller has good title to all of the above items to be transferred to Buyer, and will deliver a Bill of Sale for the same at closing. Seller represents to the best of Seller's knowledge that any heating, plumbing, air conditioning, electrical systems and included appliances are presently in good working order, except for _____.

3. **EXCLUSIONS.** The following items are specifically excluded from this contract and will be retained by Seller after closing:

4. **PRICE.** AMOUNT AND HOW IT WILL BE PAID.
   The purchase price is **$84,000.00**, and will be paid as follows:
   ☒ A. The amount of **$1,000.00** deposited by Buyer in escrow with **Ward & Kutzuba @ Bank of Castile** to be returned to Buyer if Seller does not accept this offer by the date indicated in ¶19. .
   ☐ B. By Buyer assuming and agreeing to pay a mortgage held by _____ having an approximate principal balance of $___. If the mortgage requires, Buyer will make application for permission to assume the mortgage and will pay an interest rate not to exceed __%. If permission to assume is not granted on or before_____, Seller may cancel this contract by written notice to Buyer. Buyer agrees to pay the balance of the purchase price over and above the amount of the mortgage assumed by Buyer at closing by official bank check, certified check or attorney trust account check.
   ☐ C. By Buyer delivering a purchase money note and mortgage to Seller at closing. The purchase money note and mortgage will be in the amount of $_____ with interest at ____ %, and paid monthly in the amount of $ _____ principal and interest for __ years. Buyer's first mortgage payment will be due one (1) month after closing. The mortgage will allow Buyer to prepay all or part of the mortgage without penalty at any time but will also provide that the mortgage be paid in full if Buyer sells, transfers or conveys all or part of Property. The principal will all be due and payable at the end of _____ years. The balance of the purchase price will be paid by Buyer at closing by official bank check, certified check or attorney trust account check.
   ☒ D. The balance of the purchase price will be paid at closing by official bank check, certified check or attorney trust account check.

5. **CONTINGENCIES.** This offer is subject to the following:
   ☐ A. FINANCING CONTINGENCY. This offer is subject to Buyer obtaining and accepting a mortgage loan commitment in an amount not to exceed $ _____ at an interest rate not to exceed ___%, for a term of __ years. Buyer shall immediately apply for this loan and shall have until _____to obtain and accept a written mortgage commitment. If the loan commitment requires repairs, replacements, or improvements to be made, or painting to be done, before closing, then Seller

Case 1-19-10014-CLB, Doc 44, Filed 04/02/20, Entered 04/09/20 14:40:58, Description: Main Document , Page 20 of 46

shall do the work and install the materials and improvements needed or have the same done, at Seller's expense. However, if the cost of doing so exceeds **$0.00**, Seller shall not be obligated to have such work done, and Buyer will be allowed either to receive credit at closing for the above amount and incur any necessary expenses to comply with the loan commitment requirements, or to cancel this contract by written notice to Seller, and any deposit shall be returned to Buyer.

SELLER'S CONTRIBUTION. At closing, as a credit toward prepaids, closing costs, or both, Seller will credit to Buyer ☐ $ _____ or ☐ _____% of either the ☐ Purchase Price or ☐ Mortgage Amount.

☐ B. MORTGAGE ASSUMPTION CONTINGENCY. This offer is subject to Buyer obtaining permission to assume the existing mortgage loan balance referred to above in ¶ (4b) by _____, 20____. If the mortgage holder requires that the interest rate be increased for such approval to be given, Buyer agrees to assume the mortgage at such rate as long as it does not exceed _____ % at the time of commitment.
☐ Buyer agrees to obtain a release of Seller's liability and to pay any assumption or release of liability fees.

☐ C. SALE AND TRANSFER OF TITLE CONTINGENCY. Buyer's offer is conditioned upon the sale (and closing) of Buyer's property located at_____ within _____ days of Seller's acceptance of this contract. If Seller receives another bonafide purchase offer acceptable to Seller, Seller will have the right to notify Buyer in writing that Seller wants to accept the other offer and Buyer will then have _____ days to remove this sale contingency by written notice to Seller. If Buyer does not remove this contingency within the time allowed after receiving notice from Seller, Buyer's rights under this contract will end and Seller will be free to accept the other purchase offer and Buyer's deposit will be returned.

☐ D. ATTORNEY APPROVAL. This contract is subject to the written approval of the attorneys for the Buyer and Seller.

☒ E OTHER CONTINGENCIES **Subject to approval by Chapter 12 Bankruptcy Court .**

**6. CLOSING DATE AND PLACE.** Transfer of title shall take place at the Office of the Cattaraugus County Clerk on or before **April 30, 2020**, or at such other time or place as the parties' attorneys mutually agree.

**7. POSSESSION OF PROPERTY.**
☒ Buyer shall have possession of the property on the day of closing, in broom-clean condition, with all keys to the property delivered to Buyer at closing.
☐ Seller shall have the right to retain possession for __ days after closing at the cost of $_____ per day inclusive of real property taxes, plus utilities. At closing, a key to the property shall be delivered to Buyer. At delivery of possession to Buyer, the property shall be in broom-clean condition and the remaining keys to the property shall be delivered to Buyer.

**8. TITLE AND RELATED DOCUMENTS.** Seller shall provide the following documents in connection with the sale:
A. DEED. Seller will deliver to Buyer at closing a properly signed and notarized Warranty Deed with lien covenant (or Executor's Deed, Administrator's Deed or Trustee's Deed, if Seller holds title as such).
B. ABSTRACT, BANKRUPTCY AND TAX SEARCHES. Seller will furnish and pay for and deliver to Buyer or Buyer's attorney at least 10 calendar days prior to the date of closing, fully guaranteed tax, title and United States Court Searches in accordance with Cattaraugus County Bar Association standards dated or re-dated after the date of this contract with a local tax certificate for Village taxes, if any. Seller will pay for continuing such searches to and including the day of closing.
C. INSTRUMENT SURVEY MAP.
☒ 1. **Staked instrument survey map dated or re-dated after the date of this contract.** (See approximate property line per attached tax map)
☐ 2. No survey provided.

Any survey required by this contract shall be prepared or re-dated by a licensed surveyor and certified to meet the standard and requirements of Buyer's mortgage lender and shall meet the minimum standards as set forth by the N.Y.S. Association of Professional Land Surveyors. Any additional cost resulting from certifications required by Buyer's mortgage lender shall be the responsibility of Buyer.

**9. MARKETABILITY OF TITLE.** The deed and other documents delivered by Seller shall be sufficient to convey good marketable title to the property in fee simple, free and clear of all liens and encumbrances. However, Buyer agrees to accept title to the property subject to the following: (a) restrictive covenants of record common to the tract or subdivision of which the property is a part, provided these restrictions have not been violated, or if they have been violated, that the required time for anyone to complain of the violations has expired, (b) public utility easements along lot lines as long as those easements do not interfere with any buildings now on the property or with any improvements Buyer may construct in compliance with all present restrictive covenants of record and zoning and building codes applicable to the property and (c) oil and gas leases, provided that (i) surface rights are not impaired, (ii) Seller provides an affidavit of nullity of such lease(s) and (iii) Seller records such affidavit.

**10. OBJECTIONS TO TITLE.** If Buyer raises a valid written objection to Seller's title which indicates that the title to the property is unmarketable, Seller may cancel this contract by giving prompt written notice of cancellation to Buyer and Buyer's deposit shall be returned. However, if Seller is able to cure the title objection on or before the closing date, or if Seller can provide an owner title insurance policy insuring marketability of title, then this contract shall continue in force until the closing date, subject to the Seller curing the title objection and/or providing a title insurance policy at Seller's expense. If Seller fails to cure the title

Case 1-19-10014-CLB, Doc 44, Filed 04/02/20, Entered 04/09/20 14:40:58, Description: Main Document , Page 21 of 46

objection and cannot obtain title insurance on or before the closing date, Buyer may cancel this contract by giving prompt written notice of cancellation to Seller and Buyer's deposit shall be returned. If title insurance is needed and a mortgage lender is involved, the reduction in any premium resulting from the simultaneous issuance of an owner policy and mortgagee policy shall inure to the benefit of the Seller if Buyer's lender requires mortgage title insurance regardless of the quality of the title. However, if Buyer's lender only requires mortgagee title insurance if a title problem exists, Seller will pay the full premium to insure both Buyer's interest and the mortgagee's interest.

11. **RECORDING COSTS, MORTGAGE TAX, TRANSFER TAX AND CLOSING ADJUSTMENTS.** Seller will pay the real property transfer tax, the TP-584, the recording of any title curatives and the special additional mortgage tax, if the box at ¶4C is checked. Buyer will pay for mortgage assumption charges, if any, and will pay for recording the deed, the real property transfer report, the mortgage and the mortgage tax. The following, as applicable, will be prorated and adjusted between Seller and Buyer as of the date of closing, excluding any delinquent items, interest and penalties: current taxes computed on a fiscal year basis, rent payments, fuel oil, water charges, pure water charges, sewer charges, mortgage interest and current common charges or assessments.

12. **ZONING.** Seller represents that the property is in full compliance with all zoning or building ordinances for use as a **vacant farm land**. If applicable laws require it, the Seller will furnish at or before closing, a Certificate of Occupancy for the property, dated within 90 days of the closing, with Seller completing the work and installing the materials and improvements needed to obtain a Certificate of Occupancy. However, if the cost of obtaining a Certificate of Occupancy exceeds $ 0.00 , Seller shall not be obligated to have such work done, and Buyer will be allowed either (a) to receive credit at closing for the amount recited above and incur the necessary expenses to obtain the Certificate of Occupancy, or (b) to cancel this contract by written notice to Seller, and any deposit shall be returned to Buyer.

13. **RISK OF LOSS.** Risk of loss or damage to the property by fire or other casualty shall be governed by the Uniform Vendor and Purchaser Risk Act as set forth in §5-1311 of the NY State General Obligations Law.

14. **CONDITION OF PROPERTY.** Buyer agrees to purchase the property "AS IS" except as provided in paragraph 2, subject to reasonable use, wear, tear, and natural deterioration between now and the time of closing. However, this paragraph shall not relieve Seller from furnishing a Certificate of Occupancy as called for in paragraph 12, if applicable. Buyer shall have the right to inspect the property within 48 hours before the time of closing.

15. **SERVICES AND HEALTH DEPARTMENT APPROVALS.** Seller represents the property is serviced by: ☐ Public Water, ☐ Public Sewers, ☐ Septic System, ☐ Private Well. If property is not serviced by public water and/or sewer system, Seller will provide a Water and/or Sewer Sanitary Survey Report from the Cattaraugus County Health Department showing an acceptable water sample test of the private water system and a satisfactory inspection of the septic system which neither (1) suggests re-dying of the system 30 days after occupancy nor (2) requires exposure of the system. If Seller cannot obtain such approvals without cost exceeding the application fee, Seller may cancel this contract and Buyer's deposit will be returned. In the event that any tests or approvals of the water are required by Buyer's lender other than the customary tests performed by the Cattaraugus County Health Department, Buyer shall promptly notify Seller of the additional required tests and Buyer shall reimburse Seller for the cost of such tests.

16. **REAL ESTATE COMMISSION.** Seller and Buyer agree that **NONE** is the Real Estate Agent for this transaction. The deposit made by buyer will be held by the realtor in escrow until closing. Buyer may be liable for damages, if Buyer fails to complete Buyer's part of this contract.

17. **LEAD PAINT WARNING.** The parties understand that the dwelling ☐ was ☐ was not wholly or partly constructed prior to 1978. (If constructed prior to 1978, a Lead-Based Paint Rider should be signed by both parties and Buyer will have a ten-day period to conduct a risk assessment. Buyer should receive an EPA approved lead paint pamphlet.)

18. **AGRICULTURAL DISTRICT NOTICE.** The parties understand that the premises ☒ is ☐ is not wholly or partly within an agricultural district. (If within, notice must be duly given to Buyer pursuant to §310 of the Agricultural and Markets Law and receipt of such notice shall be duly noted on the Real Property Transfer Tax Report.)

19. **LIFE OF OFFER.** This offer shall expire on **February 25, 2020 at 5:00p.m.**

20. **OTHER PROVISIONS.** **Purchaser waives Vacant Land Inspection. Rider provided for informational purposes only.**

21. **ENTIRE CONTRACT.** This contract when signed by both Buyer and Seller will be the record of the complete agreement between the Buyer and Seller concerning the purchase and sale of the property. No verbal agreements or promises will be binding.

22. **NOTICES.** All notices under this contract shall be in writing, may be given by the attorneys for the parties and will be deemed

delivered upon receipt at the business address of the attorney.

**23. ADDENDA.** The following Addenda are incorporated into this contract: ☐ All Parties Agreement   ☐ Lead Compliance
☒ Agricultural Districts/Farming Activity Disclosure ☒ Other  Vacant Land Rider

Buyer *Aaron A Hertzler*  SS # _____

Buyer *Katie Ann B Hertzler* SS # _____

Dated: 2-22-20

## [] ACCEPTANCE OF OFFER BY SELLER    [] COUNTER OFFER BY SELLER

Seller certifies that Seller owns the property and has the power to sell the property. Seller accepts the offer and agrees to sell on the
terms and conditions above set forth.

Seller *Greg Lundberg*  SS # _____
         Greg Lundberg

Seller *Constance L. Lundberg*  SS # _____
         Constance L. Lundberg

Dated: 2/22/20

----------------------------ADMINISTRATIVE INFORMATION----------------------------

Property Mailing Address: (0) Safford Road, Cattaraugus (T/East Otto), New York 14719

| Buyers: | Aaron A. Hertzler and Karieann B. Hertzler | Sellers: | Greg Lundberg and Constance L. Lundberg |
|---|---|---|---|
| Address : | 7594 West Hill Road | Address: | 800 Safford Road (PO Box 36) |
| City/St/Zip: | Cattaraugus, New York 14719 | City/St/Zip: | East Otto, New York 14729 |
| Phone: | neighbor- Elaine Deckow 716-430-6414 | Phone: | 716-257-3496 H 407-908-8512 C |
| Attorney: | Raymond Pfeiffer, Esq. | Attorney: | Robert H. Kutzuba, Esq. |
| Address: | PO Box 8 | Address: | PO Box 321 |
| City/St/Zip: | Delevan, NY 14042 | City/St/Zip: | Arcade, NY 14009 |
| Phone: | 716-492-2160 | Phone: | 585-492-1460 |
| Selling Broker: | NONE | Listing Broker: | NONE |
| Address: | | Address: | |
| Phone: | | Phone: | |
| Selling Agent: | | Listing Agent: | |

# AGRICULTURAL
# DISTRICTS/FARMING
# ACTIVITY DISCLOSURE

"It is the policy of this state and this community to conserve, protect and encourage the development and improvement of agricultural land for the production of food and other products, and also for it's natural and ecological value. This notice is to inform prospective residents that the property they are about to acquire lies partially or wholly within an agricultural district and that farming activities occur within the district, such farming activities may include, but are not limited to, activities that cause noise, dust and odors."

<u>vl (0) Safford Road, Town of East Otto, New York</u>
<u>County of Cattaraugus</u>
<u>part of SBL # 36.002-1-5.1</u>
Subject Property Address

| | |
|---|---|
| _Aaron A. Hertzler_ | 2-22-20 |
| Aaron A. Hertzler, Purchaser | Date |
| _Katieann B. Hertzler_ | 2-22-20 |
| Katieann B. Hertzler, Purchaser | Date |
| H   K.H. | |
| _Greg Lundberg_ | 2/22/20 |
| Greg Lundberg, Seller | Date |
| _Constance L. Lundberg_ | 2/22/20 |
| Constance L. Lundberg, Seller | Date |

A disclosure containing the following paragraph must be included in all purchase contracts for property that may be either wholly or partially within an agricultural district. This was mandated with passage of Chapter 797 of the Laws of 1992. Have this signed by both buyer and seller and include a copy with the purchase offer.

# VACANT LAND RIDER

To contract Dated: February ___, 2020 ("Contract")
Between <u>Greg Lundberg and Constance L. Lundberg</u> ("Seller")
and <u>Aaron A. Hertzler and Katieann B. Hertzler</u> ("Purchaser")
regarding <u>(0) Safford Road, Town of East Otto, NY – approx 70 acres</u>
    <u>SBL # part of 36.002-1-5.1</u> ("Property")

Seller and Purchaser agree the following additions and/or modifications are hereby made to this contract:

VL1: INTENDED USES/IMPROVEMENTS. Purchaser's intended Uses and Intended Improvements are set ford in Paragraph _____ of this Contract.

VL2: SELLER'S DISCLOSURES. Seller makes the following disclosures to the best of Seller's knowledge

    (A) The property is currently zoned for residential use as a __one __two __three __four family dwelling.

    (B) The Property is wholly or partially either Federal or State Wetlands ___YES _X_NO

    (C) The public municipal road referred to in Paragraph ___ of the Contract is know as _____Safford Road_____ ("Road").

    (D) There are currently the following easements and lines, for servicing the Intended Improvements, located on the Property, along the entire Property line contiguous to the road AND no more than fifteen (15) feet in width; or within the Road, along and no more thane five (5) feet from the entire Property line contiguous to the Road:

        (1) Electric     .......................... _X_Yes___No ___Other
        (2) Natural Gas    .......................... ___Yes _X_No ___Other
        (3) Public Water   .......................... ___Yes _X_No ___Other
        (4) Public Sanitary Sewer...................... ___Yes _X_No ___Other
        (5) Public Storm Sewer.......................... ___Yes _X_No ___Other
        (6) Telephone    .......................... _X_Yes___No ___Other
        (7) Cable Television  .......................... ___Yes _y_No ___Other

    if "Other" is checked, attach an explanation.

    (E) The Property is subject to special assessments for public improvements (for example: sewers, lighting, sidewalks, water, etc)......................... ___Yes _X_No

VL3: SURVEY STAKING. The Property is to be staked by the Surveyor at the Expense of the Sellers  ......................... _X_Yes _ No

VL4: PROPERTY INVESTIGATION:

    (A) Applicability. The provisions of this paragraph VL4 shall apply in lieu of Paragraph ___ and the last sentence of Paragraph ____ of this Contract.

    (B) Investigation. Within twenty-one (21) business days following the unconditional approval of this Contract by the attorneys for both parties or the expiration of the attorney's Approval Period ("Investigation Period"). Purchaser shall complete all tests, inspections, investigations and/or cost estimates ("Investigations") desired by Purchaser to determine that the Property is acceptable for the intended Uses and Intended Improvements (for example: percolation tests, availability of well water,

Case 1-19-10014-CLB, Doc 44, Filed 04/02/20, Entered 04/09/20 14:40:58, Description: Main Document ; Page 25 of 46

location of utilities, review of restrictive covenants, subdivision compliance, availability of building permit, soil tests, environmental and archeological tests and investigations, zoning, flood plain and/or wetlands status, etc.) The cost of the Investigations shall be paid by Purchaser, except for the following which shall be paid by Seller: _____

(C)   Cooperation. Without the written consent of Seller, no investigations shall be conducted which would result in physical damage to the Property. Seller will otherwise cooperate with Purchaser's Investigations, in such fashion as may be reasonably requested by Purchaser. Upon request of Purchaser, Seller shall promptly deliver a complete copy of each record and report available to Seller pertaining to any of the matters being investigated by Purchaser. Upon request of Seller, Purchaser shall promptly deliver a copy of each record and report available to Purchaser pertaining to any of the matters investigated. Upon completion of the Investigations, Purchaser shall cause the Property to be returned to substantially the same condition as existed on the date of this Contract.

(D)   Right to Cancel Contract. If the results of any Investigations are unacceptable to Purchaser for any reason, Purchaser shall notify Seller or Seller's Attorney in writing (the results need not be disclosed). If in such case, either party may cancel this Contract. Purchaser's notice of unacceptable results must be received by Seller or Seller's attorney before the expiration of the Investigation Period. If Purchaser's notice of unacceptable results is not received by Seller or Seller's attorney before the end of the Investigation Period, this contingency is deemed waived by Purchaser.

_____     _____
Aaron A. Hertzler, Purchaser          2/22/20
                                      Date

_____     _____
Katieann B. Kertzler, Purchaser       2/22/20
        H  K.H.                       Date

_____     _____
Greg Lundberg, Seller                 2/22/20
                                      Date

_____     _____
Constance L. Lundberg, Seller         2/22/20
                                      Date



Photo for 36.002-1-5.1 in East Otto

APPROXimate lot line

Right portion
Retained by
Seller

Left portion
70 acres
Landberg to Hertzler



Case 1-19-10014-CLB, Doc 44, Filed 04/02/20, Entered 04/09/20 14:40:58, Description: Main Document ; Page 28 of 46

# Exhibit "C"

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

Gregory J. Lundberg and Constance L. Lundberg,     Case No. 19-10014
                                                               Chapter 12 Case
                                                               Hon. Carl L. Bucki, USBJ

                               Debtors
_____

### BID AND SALE PROCEDURES
### FOR THE SALE OF DALE F. BEAVER'S REAL PROPERTY
### FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS
### AND NOTICE OF TERMS AND CONDITIONS OF AUCTION
### <u>AND DATE FOR SALE HEARING OF SUCH REAL PROPERTY</u>

**TO ALL INTERESTED PARTIES:**

      **PLEASE BE ADVISED THAT** the above-captioned debtors, Gregory J.

Lundberg and Constance L. Lundberg ("Debtors"), are soliciting offers for the purchase of 70

acres of real property being a part of VL – (0) Safford Road, Tax Map No. 36.002-1-5.1, located

in the town East Otto, Cattaraugus County, New York (the "Real Property").

      **PLEASE BE FURTHER ADVISED** that the disposition of the Real Property to the

highest and best bidder is subject to the approval of the Bankruptcy Court.  A hearing to consider

such approval will be held on **May 8, 2020 at 10:00 a.m.** before the Hon. Carl L. Bucki, in the

Orleans Courtroom, at the United States Bankruptcy Court, Western District of New York, Fifth

Floor, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202

(the "Sale Hearing").

      **PLEASE BE FURTHER ADVISED** that, pursuant to the Court-approved Bid and Sale

Procedures described below, the Debtors will conduct an Auction of the Real Property (the

"Auction") in conjunction with the Sale Hearing, among Qualified Bidders (as such term is

defined below), if there should be more than one, at the United States Bankruptcy Court,

Western District of New York, Fifth Floor, Robert H. Jackson United States Courthouse, 2

Niagara Square, Buffalo, New York 14202, or any other location this Court deems appropriate.

**PLEASE BE FURTHER ADVISED** that, except as otherwise set forth herein, all

inquiries concerning the Bid and Sale Procedures, the Auction, the Sale Hearing, the Real

Property or related matters should be made in writing and directed to: Hodgson Russ LLP, The

Guaranty Building, 140 Pearl Street, Suite 100, Buffalo, New York, 14202, Telephone No.:

(716) 856-4000 (Attn: Garry M. Graber, Esq. and James J. Zawodzinski, Jr. Esq.).

**PLEASE BE FURTHER ADVISED** that, the following Bid and Sale Procedures have

been approved by the Court and shall be used in connection with the proposed sale of the Real

Property:

    a.    <u>Initial Bid</u>.  Any third party that is interested in acquiring any or all the Purchased Asset must submit an "Initial Bid" in conformance with the Bid and Sale Procedures **twenty four hours prior to the date for the Sale Hearing** as set forth by this Court (the "Bid Deadline").  Any such Initial Bid must adhere to the terms contained with the purchase and sale agreement executed by the Debtors annexed to the Motion as Exhibit B) (the "Agreement") and incorporated herein by reference:

        i.    Contain a signed Agreement (together with a copy of the signed agreement that is marked to show changes from the form Agreement) with, at a minimum, the following requirements:  (i) having substantially identical terms and conditions as the Agreement; (ii) containing terms and conditions no less favorable to the Debtors' estate than the terms and conditions in the Agreement (provided that no Initial Bid shall provide for the payment to the bidder of any breakup fee, topping fee, expense reimbursement or other similar arrangement); (iii) the Agreement should not be subject to any (1) financing contingency, (2) contingency relating to the completion of unperformed due diligence, (3) contingency related to the approval of the bidder's board of directors or other internal approvals or consents, (4) material adverse change clause, or (5) any conditions precedent to the bidder's obligation to

purchase the Real Property other than those in the Agreement; (iv) a written statement by the bidder stating that it agrees to be bound by the terms and conditions of the form of the Agreement and close on the sale immediately after notice of entry of the Court's order approving a sale; (v) be subject to acceptance by the Debtors solely by its execution of the bid and approval of the bid by the Court; (vii) be accompanied by the deposit described below; and (viii) be received at or prior to the Bid Deadline;

ii.     Provide for the exclusion of portions of the Real Property as depicted in Exhibit A to the Motion;

iii.    Include a cashiers' or certified check payable to the order of Gregory J. Lundberg and Constance L. Lundberg, Debtors in Possession, representing a deposit equal to 10% of the Initial Bid (the "Deposit") (it being understood that Deposits may also be sent by wire transfer of immediately available funds);[1]

iv.     Include a written guarantee, letter of credit, mortgage commitment, evidence of cash on deposit, or other reasonable evidence of the potential bidder's ability to close which is acceptable to the Debtors pursuant to which the equity holder(s) of the potential bidder are responsible for such bidder's obligations in connection with the sale;

v.      Fully disclose the identity of each entity that will be bidding for the assets or otherwise participating in connection with such bid, and the complete terms of any such participation;

vi.     To the extent not previously provided to the Debtors, be accompanied by evidence satisfactory to the Debtors in their reasonable discretion that the bidder is willing, authorized, capable and qualified financially, legally and otherwise, of unconditionally performing all obligations under the Agreement (or its equivalent) and within the timeframe contemplated under the Agreement in the event that it submits the Prevailing Bid at the Auction (as defined below);

vii.    Remain open and irrevocable until thirty (30) days after the entry of an order by the Court approving a definitive agreement providing for the sale of the Real Property; and

viii.   Be submitted to Gregory J. Lundberg and Constance L. Lundberg by and through counsel to the Debtors, Hodgson Russ, LLP, (Attn: Garry M. Graber, Esq. and James J. Zawodzinski, Jr. Esq.), The

---

[1] If a bidder submits a bid that is selected as the Prevailing Bid (as defined below) and such bidder subsequently defaults or breaches, then the deposit submitted by such bidder shall be deemed forfeited and shall be retained by the Debtors. Deposits of other bidders will be returned to such bidders promptly upon the Court's entry of an order approving the Prevailing Bid (defined below), except for the deposit of the Next Highest Bidder, which shall be returned to the Next Highest Bidder promptly upon the closing of the sale to the Prevailing Bidder.

Guaranty Building, 140 Pearl Street, Suite 100, Buffalo, New York, 14202 (the "Objecting Party") in each case so as to be received not later than the Bid Deadline. The Debtors may extend the Bid Deadline without further notice and for one or more bidders, but shall not be obligated to do so. The Debtors have been, and will continue, providing due diligence information to potential bidders; provided, however, that the Debtors shall not be obligated to furnish any due diligence information after the Bid Deadline or to any person that the Debtors and Creditors Committee determine is not reasonably likely to be a Qualified Bidder.

b.  <u>Auction</u>.  In the event there is more than one Qualified Bidder, the Debtors intend to conduct an Auction with respect to the sale of the Real Property at the United States Bankruptcy Court, Western District of New York, Fifth Floor, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, or any other location that this Court deems appropriate (the "Auction") in conjunction with the Sale Hearing. Based upon information as the Debtors determine is relevant, the Debtors may propose rules for the conduct of the Auction in the manner the Debtors determine that will promote the goals of the Auction and achieve the maximum realizable value for the Real Property. In order to participate in the Auction, each prospective purchaser shall be required to comply with the requirements of these Bid and Sale Procedures and to submit an Initial Bid that is timely and that complies in all respects with the Bid and Sale Procedures. At the Auction, Qualified Bidders may submit successive bids in increments to be determined at the Auction for the purchase of the Real Property. Immediately prior to concluding the Auction, the Debtors shall determine which bid or bids is the highest or best offer, subject to Bankruptcy Court approval (the "Prevailing Bid") and the next highest or otherwise best offer after the Prevailing Bid (the "Next Highest Bid"). Qualified Bidders shall also be permitted to make other modifications to their bids at the Auction in order to make their bids more favorable to the estate. All bidding for the Real Property will be concluded and the Prevailing Bid will be announced by the Court at the Sale Hearing. All bids shall be made on an open basis, participating Qualified Bidders shall be entitled to be present for all bidding; and the principals of each participating Qualified Bidder shall be fully disclosed to all other participating Qualified Bidders throughout the entire Auction. All bidders at the Auction shall be deemed to have consented to the core jurisdiction of the Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sale of the Real Property and the construction and enforcement of the Prevailing Bid or the Next Highest Bid.

c.  <u>Highest and/or Best Bid</u>.  At all times during the Proposed Sale Process, the Debtors retain the right to determine which bid constitutes the highest or otherwise best offer for the purchase of the Real Property, and which bid should be selected as the Prevailing Bid and the Next Highest Bid, if any, all subject to final approval by the Court pursuant to the provisions of

Section 363(b) of the Bankruptcy Code. When evaluating the bids, the Debtors shall consider the financial and contractual terms of each bid and factors affecting the speed and certainty of closing each bid. Without limiting the generality of the foregoing, the Debtors may, at any time before entry of an order of the Court approving a Prevailing Bid, reject any bid that, after consultation with the Debtors and their counsel, is determined to be (i) inadequate or insufficient, (ii) contrary to the requirements of the Bankruptcy Code or the Proposed Sale Process, or (iii) contrary to the best interests of the estate or its creditors. Prior to the Sale Hearing, the Debtors reserve the right to file with the Court additional pleadings in support of the sale to the winning bidder, together with a copy of the Prevailing Bid.

d. <u>Sale Hearing</u>. The Sale Hearing will be conducted on **May 8, 2020 at 10:00 a.m.** at the **United States Bankruptcy Court, Western District of New York, Orleans Courtroom, 2 Niagara Square**, Buffalo, New York, 14202, before the Honorable Carl L. Bucki, United States Bankruptcy Judge, at which time the Debtors intend to present the Prevailing Bid for approval by the Court pursuant to the provisions of Sections 105, 363(b), 363(f), 363(m), 363(n), 365, and 1206 of the Bankruptcy Code, if any. The Debtors shall be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing. Upon the failure to consummate a sale of the Real Property after the Sale Hearing because of the occurrence of a breach or default under the terms of the Prevailing Bid, such bidder shall be deemed to have forfeited its Deposit in partial satisfaction of the damages incurred by the estate and the Next Highest Bid, as disclosed at the Sale Hearing, shall be deemed the Prevailing Bid without further order of the Court and the parties shall be authorized to consummate the transaction contemplated by such Next Highest Bid. The Sale Hearing may be adjourned by the Debtors or by the Court at any time. If there are no Prevailing Bids for approval by the Court, Debtors move this Court to approve the sale subject to the terms contained within the Agreement between Gregory J. Lundberg and Constance L. Lundberg, and Aaron A. Hertzler and Katieann B. Hertzler, or their assignee.

e. <u>Sale Implementation</u>. Following the approval of the Prevailing Bid, or assumption of the Agreement, at the Sale Hearing, the Debtors will be authorized to take all commercially reasonable and necessary steps to complete and implement the transaction(s) contemplated by the Prevailing Bid or assumption of the Agreement, including (but not limited to) seeking entry of a sale order.

f. <u>Conflict.</u> Any conflict between the terms and conditions of the Bid and Sale Procedures and the Agreement which may arise with any of the bidders shall be resolved in favor of the Bid and Sale Procedures.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

Gregory J. Lundberg and Constance L. Lundberg,      Case No. 19-10014
                                                    Chapter 12 Case
                                                    Hon. Carl L. Bucki, USBJ

                              Debtors
_____

### NOTICE OF BID AND SALE PROCEDURES FOR THE SALE OF GREGORY J. LUNDBERG AND CONSTANCE L. LUNDBERG'S REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS AND NOTICE OF TERMS AND CONDITIONS OF AUCTION AND DATE FOR SALE HEARING OF SUCH PROPERTY

**PLEASE TAKE NOTICE,** that on April 17, 2020 pursuant to a Motion by

Gregory J. Lundberg and Constance L. Lundberg, the Debtors-in-Possession (the "Debtors"),

dated April 2, 2020, the United States Bankruptcy Court for the Western District of New York

(the "Court") entered the attached Order scheduling an Auction of and hearing on the sale of

Debtors' Real Property (the "Sale Hearing") and approving the form of this Notice in connection

with the proposed Sale Hearing as well as Bid and Sale Procedures accompanying such Order.

The Real Property will be sold as one (1) lot, exclusive of portions as depicted in Exhibit A to

the Motion.  The Sale is proposed outside of the ordinary course of the Debtors' business.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing will be held on **May 8,**

**2020 at 10:00 a.m.** at the United States Bankruptcy Court, Western District of New York, Fifth

Floor, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York

14202.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the Bid and Sale Procedures

Order, any bidder desiring to submit a bid with respect to the Real Property (a "Bid") shall send

a letter indicating its interest in bidding addressed to the Debtors' counsel listed below and shall be qualified by the Debtors by providing the requisite financial and other information as more fully described in the Bid and Sale Procedures.  The Bid and Sale Procedures contain detailed requirements for the submission of all Bids and should be reviewed carefully.  Any person seeking to participate as a bidder at the Auction must comply with the Bid and Sale Procedures unless otherwise waived at the sole discretion of the Debtors.

**PLEASE TAKE FURTHER NOTICE**, that the Auction, if any, shall commence in conjunction with the Sale Hearing at the United States Bankruptcy Court, Western District of New York, Fifth Floor, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, or such other time and/or place as the Debtors shall notify all Qualified Bidders and parties in interest.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to the Bid and Sale Procedures Order, the Debtors may: (I) amend the Bid and Sale Procedures Order or impose additional terms and conditions at or prior to the Auction; (II) extend the deadlines set forth in the Bid and Sale Procedures and/or adjourn the Sale Hearing by announcement at the Sale Hearing in open court (without further notice), and (III) reject any or all such Bids if any such Bid is not on terms that are fair and adequate and maximize value for the Debtors' estate.

**PLEASE TAKE FURTHER NOTICE**, that all requests for information concerning the Real Property should be directed to Hodgson Russ LLP, The Guaranty Building, 140 Pearl Street, Suite 100, Buffalo, New York, 14202, Telephone No.: (716) 856-4000, (Attn: Michelle Heftka).  Each bidder is solely responsible for conducting its own due diligence and must complete its due diligence prior to the submission of its bid.

Dated:  April \_\_\_, 2020

By: _____

**HODGSON RUSS LLP**

Garry M. Graber, Esq.

James J. Zawodzinski, Jr., Esq.

140 Pearl St., Suite 100

Buffalo, New York  14202

Telephone: (716) 856-4000

Facsimile:  (716) 819-4645

*Attorneys for Gregory J. Lundberg and*
*Constance L. Lundberg*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

Gregory J. Lundberg and Constance L. Lundberg,          Case No. 19-10014
                                                        Chapter 12 Case
                                                        Hon. Carl L. Bucki, USBJ
                        Debtors.
_____

**ORDER ON MOTION OF GREGORY J. AND CONSTANCE L. LUNDBERG FOR AN
ORDER (I) AUTHORIZING ASSUMPTION OF AN AGREEMENT FOR THE SALE OF
REAL PROPERTY; (II) AUTHORIZING THE SALE OF SUCH REAL PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (III)
ESTABLISHING BID AND SALE PROCEDURES FOR THE SALE OF SUCH REAL
PROPERTY; (IV) SCHEDULING A HEARING ON THE APPROVAL OF THE SALE OF
SUCH REAL PROPERTY; AND (V) APPROVING THE FORM AND MANNER OF
<u>NOTICE OF THE SALE OF SUCH REAL PROPERTY</u>**

Upon consideration of the motion dated April 2, 2020 (the "Motion")[1] of Debtors, Gregory

J. Lundberg and Constance L. Lundberg (the "Debtors"), for entry of an order: (I) authorizing

assumption of an agreement for the sale of approximately 70 acres of *a part of* real property, as

depicted on the schematic annexed to the Motion as Exhibit A located in the town of East Otto,

Cattaraugus County, New York, known as VL – (0) Safford Road on Tax Map No. 36.002-1-5.1,

together with all improvements thereupon, including all privileges, rights, easements, and

appurtenances thereto (the "Real Property"), free and clear of liens, claims, encumbrances, and

interests, with Aaron A. Hertzler and Katieann B. Hertzler, or theirs assignee (collectively

"Purchasers"), pursuant to the terms set forth in the Purchase and Sale Contract for Real Property

(the "Agreement"), dated February 22, 2020, annexed to the Motion as Exhibit B; (II) authorizing

the sale of such Real Property pursuant to the terms set forth in the Agreement to Purchasers; (III)

---

[1]         Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

establishing Bid and Sale Procedures for the sale of such Real Property (the "Bid and Sale Procedures") annexed to the Motion as Exhibit C; (IV) scheduling a hearing on the approval of the sale of such Real Property; (V) approving the form and manner of notice of the sale of such Real Property; and (VI) granting other appropriate related relief, to be used in connection with the proposed sale of the Real Property, and upon a hearing held before this Court on **April 17, 2020 at 2:00 p.m.** on the proposed Bid and Sale Procedures (the "Procedures Hearing"); and based upon all of the evidence proffered or adduced at the Procedures Hearing; and after consideration of any memoranda, objections, or other pleadings filed in connection with the Procedures Hearing; and after consideration of the arguments of counsel made at the Procedures Hearing; and upon the entire record of this case; and it appearing that the approval of the Bid and Sale Procedures as requested in the Motion is in the best interests of the Debtors, their estate and creditors; and it appearing that appropriate service was made upon creditors and parties-in-interest, and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

## FOUND AND DETERMINED THAT:

A.  The form and manner of notice of the Bid and Sales Procedures annexed to Exhibit C to the Motion as Schedules 1 and 2, and Procedures Hearing shall be, and hereby are, approved as sufficient and adequate notice. No other or further notice in connection with the entry of this Order is or shall be required.

B.  The Bid and Sale Procedures attached to Exhibit C of the Motion were proposed by the Debtors in good faith with the goal of maximizing the value of the Real Property for the benefit of all parties involved.

C.   Approval of the Bid and Sale Procedures attached to Exhibit C of the Motion will facilitate an orderly sale process and will help ensure that all potential purchasers of the Real Property will compete on a level playing field.

**NOW, THEREFORE, IT IS HEREBY:**

**ORDERED** that the Motion is granted as set forth herein.  The Bid and Sale Procedures attached to the Motion as Exhibit C are hereby approved and shall be used in connection with the proposed sale of the Real Property.

**AND IT IS FURTHER ORDERED** that the form of the Auction and Hearing Notice is approved and the Debtors are directed to serve a copy of the Auction and Hearing Notice on the Notice Parties within two business days of entry of this Order.

**AND IT IS FURTHER ORDERED** that Objections to approval of any Prevailing Bid or to approval of any proposed sale of the Real Property pursuant to any Prevailing Bid, shall be in writing, shall set forth the name of the objecting party, the basis for the objection and the specific grounds therefor, and shall be filed with the Court and served so as to be actually received one business day prior to the date of the proposed hearing on the sale of the Real Property (the "Sale Hearing") upon the following parties: (I) Hodgson Russ LLP, 140 Pearl Street, Suite 100, Buffalo, New York 14202 (Attn: Garry M. Graber, Esq. and James J. Zawodzinski, Jr. Esq.); (II) the Chapter 12 Trustee (Attn: Morris L. Horwitz, Esq.); (III) the Office of the United States Trustee, Olympic Towers, 300 Pearl Street, Suite 401, Buffalo, New York, 14202 (Attn: Joseph Allen, Esq.); and (IV) the United States Bankruptcy Court, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York, 14202 (Attn: Judge Bucki, marked 'Chambers Copy').  Any objection not filed and served in accordance with this paragraph may be deemed waived.

**AND IT IS FURTHER ORDERED** that the failure of any third party to file and serve an objection as ordered and directed herein may be deemed the consent of such party to the granting of the Motion and the sale and transfer of the Real Property.

**AND IT IS FURTHER ORDERED** that the components of the Bid and Sale Procedures are fair and reasonable, are reasonably calculated to produce the best and highest offers for the Real Property, and will confer actual benefits upon the Debtors' estate. The Bid and Sale Procedures represent an exercise of the Debtors' sound business judgment and will facilitate an orderly sale process.

**AND IT IS FURTHER ORDERED** that if more than one Qualified Bidder comes forward, Debtors will conduct an Auction at the United States Bankruptcy Court, Western District of New York, Orleans Courtroom, Fifth Floor, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202, before the Honorable Carl L. Bucki, United States Bankruptcy Judge at the time of the Sale Hearing.

**AND IT IS FURTHER ORDERED** that the Auction may be rescheduled for a later date or time or a different place, providing the Debtors provide notice to all Noticed Parties.

**AND IT IS FURTHER ORDERED** that prior to the Sale Hearing, counsel for the Debtors shall meet and confer as to which bid constitutes the highest or otherwise best offer for the purchase of the Real Property, and which bid should be selected as the Prevailing Bid and the Next Highest Bid.

**AND IT IS FURTHER ORDERED** that nothing herein shall impair the rights of any parties-in-interest to object to the sale of the Real Property and any such objections shall be heard at the Sale Hearing.

**AND IT IS FURTHER ORDERED** that the Sale Hearing shall be held on **May 8, 2020 at 2:00 p.m.** at the United States Bankruptcy Court, Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York, 14202.

**AND IT IS FURTHER ORDERED** that appearances at the Sale Hearing and/or Auction must be made by telephonic appearance in light of the ongoing COVID-19 pandemic, instructions for which are available on the Bankruptcy Court for the Western District of New York's website.

Dated: April ___, 2020
      Buffalo, New York

                            _____

                            Hon. Carl L. Bucki
                            United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

Gregory J. Lundberg and Constance L. Lundberg,      Case No. 19-10014
                                                          Chapter 12 Case
                                                          Hon. Carl L. Bucki, USBJ

                                    Debtors
_____

## **CERTIFICATE OF SERVICE**

STATE OF NEW YORK     )
                           )   SS.:
COUNTY OF ERIE        )

      Christine Napierski, being duly sworn, deposes and says:

      1.      I am over 18 years of age and an employee of Hodgson Russ LLP and not a party to this action.

      2.      On the 2nd day of April 2020, I served Debtors Motion for an Order (I) authorizing assumption of an agreement for the sale of approximately 70 acres of *a part of* real property located in the town of East Otto, Cattaraugus County, New York, known as "VL - (0) Safford Road" or Tax Map No. 36.002-1-5.1, including all privileges, rights, easements, and appurtenances thereto (the "Real Property"), free and clear of liens, claims, encumbrances, and interests; (II) authorizing the sale of such Real Property; (III) establishing Bid and Sale Procedures for the sale of such Real Property; (IV) scheduling a hearing on the approval of the sale of such Real Property; and (V) approving the form and manner of notice of the sale of such Real Property, to be used in connection with the proposed sale of the Real Property, by using the Court's CM/ECF system which immediately notifies all registered users via electronic

- 1 -

transmission at the respective email addresses designated for such service and via U.S. Mail on the parties on the attached list.

Dated: April 2, 2020

_____
Christine Napierski

Sworn to before me this
_3rd_ day of April 2020

_____
Notary Public

JAMES J. ZAWODZINSKI
No. 02ZA6398926
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Oct. 7, 2023

Corporation Tax
Attn. Franchise Tax State Campus
Albany, NY 14226

Experis Manpower Group
2050 East ASU Circle, Suite 120
Tempe, AZ 85284-1839

Farm Service Agency
The Galleries of Syracuse
441 S. Salina St., Suite 256
Attn: Nancy New
Syracuse, NY 13202-5206

Harris County et al
c/o John P. Dillman
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, TX 77253-3064

Internal Revenue Service
Insolvency Group I
Niagara Center, 2nd Floor
130 S. Elmwood Avenue
Buffalo, NY 14202

Joseph W. Allen, II
Office of the U.S. Trustee
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, NY 14202-2523

NYS Dept of Tax & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

NYS Dept. of Labor
Field Tax Services Section
290 Main St., Room 219
Buffalo, NY 14202-4006

NYS Dept. of Tax & Finance
Att: District Tax Attorney
77 Broadway, Suite 112
Buffalo, NY 14203-1670

NYS Dept. of Tax & Finance
Att: District Tax Attorney
Rm. 526 Swan St. Bldg.
6 Empire State Plaza
Albany, NY 12228-0001

Nationstar Mortgage LLC d/b/a Mr.
Cooper
Shapiro, DiCaro & Barak, LLC
175 Mile Crossing Boulevard
Rochester, NY 14624-6249

Office of the U.S. Trustee
100 State Street, Room 6090
Rochester, NY 14614-1321

Morris L. Horwitz
Morris L. Horwitz, Atty. at Law
PO Box 716
Getzville, NY 14068-0716

Oil & Gas Management, Inc.
PO Box 1204
Mt. Pleasant, PA 15666-3304

P2ES Holdings, Inc.
Georgette Schermerhorn
1670 Broadway, Suite 2800
Denver, CO 80202-4800

Pitney Bowes Global Financial
Services, LLC
27 Waterview Drive
Shelton, CT 06484-4301

Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220-0001

The Production Companies, Inc.
Attn: John Meek
One Greenway Plaza, Suite 1010
Houston, TX 77046-0108

U.S. Attorney
Federal Centre
138 Delaware Ave.
Buffalo, NY 14202-2404

U.S. Securities & Exchange
Commission
233 Broadway
New York, NY 10279-0001

USDA – Farm Service Agency
Attn: Suzanne Montana
441 S. Salina Street
Room 536
Syracuse, NY 13202

U.S. Bankruptcy Court
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, NY 14202-3350

American Express
P.O. Box 981537
El Paso, TX 79998-1537

Bank of America
P.O. Box 982238
El Paso, TX 79998

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

First Niagara Bank
1 Hudson City Center
Hudson, NY 12534-2355

HSBC Bank
2929 Walden Avenue
Depew, NY 14043-2690

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

Justin Valle, Esq.
Shapiro, Dicaro & Barak, LLC
175 Mile Crossing Blvd.
Rochester, NY 14624-6249

Nationstar Mortgage, LLC
8950 Cypress Waters Blvd.
Coppell, TX 75019-4620

Sam and Dorothy Grey
8248 Reed Hill Road
Cattaraugus, NY 14719-9640

Tom and Charlene Makowski
8760 Krager Hill Road
Little Valley, NY 14755-9784

USA acting through USDA FSA
6542 Turner Road
Jamestown, NY 14701

View From Above, LLC
6698 Mill Valley Road
East Otto, NY 14729

Wakefield & Associates
3901 S. Jamaica Court
Suite 200
Aurora, CO 80014

Constance Louise Lundberg
P.O. Box 36
East Otto, NY 14729-0036

Gregory Jay Lundberg
P.O. Box 36
East Otto, NY 14729-0036

American Express National Bank
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19355

Capital One Bank (USA), N.A.
4515 V. Santa Fe Avenue
Oklahoma City, OK 73118

KeyBank, N.A.
4910 Tideman Road
Brooklyn, OH 44144

Kevin D. Robinson, Esq.
Assistant US Attorney
138 Delaware Avenue
Buffalo, NY 14202

Friedman Vartolo LLP
c/o Richard Postiglione, Esq.
1325 Franklin Avenue, Suite 230
Garden City, NY 11530

Robert H. Kutzuba, Esq.
Ward & Kutzuba PLLC
364 Main Street
Arcade, New York 14009