UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    GREGORY JAY LUNDBERG and
    CONSTANCE LOUISE LUNDBERG                    BK 19-10014 CLB

                      Debtors.

------------------------------------------------------
In re

    OAKVIEW DAIRY, LLC                                 BK 19-10769 CLB

                      Debtor.
------------------------------------------------------

                Hodgson Russ LLP
                Garry M. Graber, Esq.,
                James J. Zawodzinski, Jr., Esq., of counsel
                The Guaranty Building, Suite 100
                140 Pearl Street
                Buffalo, New York 14202
                Attorneys for Debtors

                Morris L. Horwitz, Esq.
                PO Box 716
                Getzville, New York 14068
                Chapter 12 Trustee

                      <u>Decision and Order</u>

Bucki, Chief U.S.B.J., W.D.N.Y.

      In these cases under Chapter 12, the debtors seek to extend the time to file plans of reorganization. The issue is whether 11 U.S.C. § 1221 allows the Court to grant this relief *nunc pro tunc*, after expiration of the statutory timetable for filing a plan.

      Gregory and Constance Lundberg are the owners of a cattle and crop farm in East Otto, New York. On January 4, 2019, they filed a petition for relief under Chapter 12 of the Bankruptcy Code. Then in March and April of 2019, adverse weather caused significant crop damage. At about the same time, mechanical problems rendered their

largest tractor inoperable.  Nonetheless, the Lundbergs have worked to restructure operations for the purpose of creating a profitable business.  This restructuring has included the sale of a portion of their property.  On October 2, 2020, the Lundbergs filed both a plan and a motion to extend the time to file a plan.

Oakview Dairy, LLC, filed its petition for relief under Chapter 12 on April 16, 2019.  Although it operated a dairy farm on the petition date, the debtor has worked to gradually wind down its farming activity.  On October 1, 2020, Oakview Dairy filed its present motion to extend the time to file a plan until January 29, 2021.  In its supporting papers, the debtor states an intention to submit its plan by that date.

## Discussion

Section 1221 of the Bankruptcy Code sets the following timetable for filing a plan in Chapter 12:

> "The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend such period if the need for an extension is attributable to circumstances for which the debtor should not justly be held accountable."

The Lundbergs received one prior extension, but that extension expired on September 4, 2019.  Under the statute, Oakview Dairy had until July 15, 2019, to file its plan, and no request for an extension of time was previously presented.  Now, more than a year after the expiration of the applicable time limits, these debtors seek a new deadline for plan filing.

Three factors persuade the Court to grant the motions for an extension of time, *nunc pro tunc* as of the date on which the opportunity to file a plan was last set to expire.  First, the debtors have presented facts that would have justified a timely

extension of the applicable deadline. For Gregory and Constance Lundberg, the development of a plan was delayed by weather, equipment failure, and the need to generate cash through a sale of assets. Oakview Dairy needed additional time to orchestrate arrangements for an orderly termination of farming activity.

Second, neither the trustee nor any creditor has opposed the motions. Consequently, the Court has no reason to believe that good cause was lacking when a timely motion should have been presented.

Third, nothing in the text of section 1221 prohibits relief *nunc pro tunc*. In this regard, the provisions for Chapter 12 contrast markedly with the language of 11 U.S.C. § 1121(e), which addresses the extension of time for filing a plan in a small business case under Chapter 11. For such cases, section 1121(e)(3) states that the filing deadline may be extended "only if . . . (C) the order extending time is signed before the existing deadline has expired." The absence of such language in section 1221 suggests that in Chapter 12, an extension is allowed when otherwise appropriate, even after the expiration of the time for filing a plan of reorganization.

For the reasons stated herein, the motion of Gregory and Constance Lundberg and the motion of Oakview Dairy, LLC, for an extension of time to file reorganization plans in Chapter 12 are granted.

So ordered.

Dated: November 17, 2020          /s/ Carl L. Bucki_____
       Buffalo, New York          Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.