UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------

In re

    GREGORY J. LUNDBERG
    CONSTANCE L. LUNDBERG                BK 19-10014 CLB

                    Debtors.                    <u>DECISION & ORDER</u>

--------------------------------------------------

                Hodgson Russ LLP
                James J. Zawodzinski, Jr., Esq., of counsel
                The Guaranty Building
                140 Pearl Street, Suite 100
                Buffalo, New York 14202
                Attorneys for Debtors

                Morris L. Horwitz, Esq.
                PO Box 716
                Getzville, New York 14068
                Chapter 12 Trustee

                Office of the U.S. Trustee
                Joseph W. Allen, Esq.
                Olympic Towers
                300 Pearl Street, Suite 401
                Buffalo, New York 14202
                Assistant United States Trustee


Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

      Attorneys for the debtors seek an order authorizing their employment *nunc pro tunc* as of the date on which a bankruptcy petition was filed. If so employed, counsel also requests approval of legal fees. The deciding issue is whether this motion and the objections to it are moot by reason of the controlling effect of the debtors' confirmed plan.

      Gregory and Constance Lundberg filed a joint petition for relief under Chapter 12 of the Bankruptcy Code on January 4, 2019. In preparing their petition and throughout this proceeding, Mr. and Mrs. Lundberg received legal assistance from Hodgson Russ

LLP, a law firm whose partners and associates include attorneys who are duly admitted to practice in this Court. On January 8, 2019, the Court followed its customary practice by issuing an order advising "that if the Debtor intends to be represented by an attorney at the first meeting of creditors and for any hearing before the Court, the Debtor(s) shall file an application and proposed order to employ said attorney." Notwithstanding this directive, Hodgson Russ neglected to make prompt application for appointment to serve as counsel. Nonetheless, the firm continued to assist the debtors.

On July 28, 2020, this Court entered an order granting the debtors' motion for authority to sell approximately 70 acres of real property. Although the proceeds were insufficient to satisfy the outstanding secured claim, the mortgagee consented to a "carve-out" arrangement, under which $20,000 of sale proceeds were allocated to pay various closing costs and "as compensation for Debtors' counsel (Hodgson Russ LLP)." From this amount, $3,000 was expended for costs of closing. As directed by the order of July 28, the balance of $17,000 was deposited into counsel's escrow account "pending further Order of this Court."

With the assistance of the Hodgson Russ law firm, the debtors filed a Chapter 12 Plan on October 2, 2020; an Amended Chapter 12 Plan on March 26, 2021; and a Second Amended Plan on May 20, 2021. Ultimately, the Lundbergs resolved various objections and the concerns of the Chapter 12 trustee. An order confirming the Second Amended Plan was then entered on June 4, 2021.

The debtors' confirmed plan identifies four classes of claims. Class II consists of two administrative priority claims: the claim of Hodgson Russ LLP for legal fees and expenses, and the claim of Norwalk, Garrison & Associates, LLC, for accounting services. The plan provides that together, these claimants will receive the total sum of $15,000. Payment on their account would be made at the rate of $250 per month

for sixty months. Subsequent to confirmation, this Court granted the debtors' motion for an order clarifying that the accountant's claim of $4,875 would be paid in full prior to the payment of $10,125 to Hodgson Russ. The Chapter 12 Trustee advises that payments to the accountants are nearly complete and that under the terms of the plan, he will soon start distributions to Hodgson Russ LLP.

During the plan confirmation process, the debtors and their counsel apparently forgot about the retainer of $17,000 that the law firm was then holding in escrow. The confirmed plan makes no provision for the distribution of those funds. No one raised an issue about their application. Meanwhile, noone objected to the plan provisions for payment on account of the claim of attorneys whose appointment was never duly authorized by this Court.

Hodgson Russ LLP has now filed a motion asking that it be appointed to serve as counsel for the debtors *nunc pro tunc* as of the filing of the bankruptcy petition. Additionally, the motion asserts that the firm rendered professional services having a value of $69,258. Thus, the firm also seeks permission to pay the $17,000 held in escrow to itself as compensation. The Office of the United States Trustee objects. It contends that the *nunc pro tunc* appointment of professionals is here prohibited under controlling precedent. Because counsel was never duly appointed prior to plan confirmation, the United States Trustee argues that counsel can receive no compensation from the estate. Meanwhile, the Chapter 12 trustee reminds the Court that he is entitled to a commission on any distributions.

Discussion

Section 330(a)(1) of the Bankruptcy Code provides general statutory authority for the payment of professional fees. In relevant part, this section states that the Court may award reasonable compensation to a professional person employed under 11 U.S.C. § 327 or § 1103. Here, Hodgson Russ has referenced no order of this Court approving its employment at the time that it rendered the services for which it seeks

compensation. To correct this deficiency, the firm moves for its *nunc pro tunc* appointment from the beginning of this bankruptcy proceeding. This approach is problematic for two reasons. On the one hand, we find no basis to approve retroactive relief. More fundamentally, however, the request is mooted by the binding effect of the debtors' confirmed plan.

The Court of Appeals has ruled that the *nunc pro tunc* appointment of a professional person "should only be granted in narrow situations and requires that (i) if the application had been timely, the court would have authorized the appointment, and (ii) the delay in seeking court approval resulted from extraordinary circumstances." *In re Keren Limited Partnership*, 189 F.3d 86, 87 (2d Cir. 1999). Here, Hodgson Russ offers no good excuse for its delay in seeking a timely retention. Without evidence of extraordinary circumstances, we must deny that portion of its motion which seeks a retroactive appointment. Consequently, because Hodgson Russ was not duly appointed to serve as counsel at the time that it rendered legal services, any right to compensation must derive from statutory authority other than 11 U.S.C. § 330.

This Court confirmed the debtors' Second Amended Chapter 12 Plan on June 4, 2021, and the time to appeal the order of confirmation has long expired. Section 1227(a) of the Bankruptcy Code states that but for limited exceptions not here relevant, "the provisions of a confirmed plan bind the debtor, each creditor, each equity security holder, and each general partner in the debtor." In the present instance, the Chapter 12 Plan directs the payment of $15,000 on account of the claims of Hodgson Russ and of the debtors' accountants. As clarified by a supplemental order dated January 10, 2022, the share of Hodgson Russ in this distribution will total $10,125. Pursuant to paragraph 13 of the confirmed plan, "[t]he debtors shall receive a discharge in accordance with Section 1228 of the Bankruptcy Code after completion of all payments under the Plan."

We will not now address any of three hypothetical questions. The first is whether the Court would have sustained an objection to confirmation of a plan providing for payment to attorneys whose appointment was never duly authorized. Nor can we answer whether the Court would have confirmed a plan allowing Hodgson Russ to apply escrowed funds to the balance of its claim. Finally, we need not decide whether appointment as counsel is implicit in the Order authorizing a carve-out for payment of legal fees from funds otherwise due to a secured creditor. No one raised these issues at any time in the confirmation process. All that we have is a final order of confirmation that must now control the issues raised herein.

The debtors' confirmed plan binds all parties. Even though the failure to secure authorization to serve as counsel would otherwise have limited compensation under 11 U.S.C. § 330, Hodgson Russ still retains the right to a distribution under the plan as confirmed. Meanwhile, the plan provides that after completion of all payments, the debtors shall receive a discharge under 11 U.S.C. § 1228. Subdivision (a) of this section directs that the discharge extends to administrative claims "allowed under section 503 of this title." Allowed administrative claims would include the claim of Hodgson Russ for pre-confirmation services. Even if Hodgson Russ performed legal services having a much greater value than what the plan will pay, its claim will be discharged after the debtors complete the promised payments to the firm and to all other creditors.

Plan confirmation settles the rights of the parties. It creates a basis for payment separate and apart from what the Court might have otherwise allowed under section 330 of the Bankruptcy Code. Consequently, the request for authority to employ counsel is now moot. But the plan also discharges any entitlement to further payment on account of uncompensated services.

The Confirmation Order recites that in the event of an inconsistency with the Second Amended Plan, the Confirmation Order shall control. In particular, the

Confirmation Order directs that "[a]ll payments by the Trustee shall be made as soon as practicable after entry of this Order." Although the plan allows the debtors to pay Hodgson Russ at the rate of $250 per month, we now realize that the firm holds an escrow of funds sufficient to satisfy the plan distribution. In previously authorizing a "carve-out" from proceeds from the sale of real property, we directed Hodgson Russ to retain the withheld funds in escrow "pending further Order of this Court." To facilitate the ability of the Trustee to fulfill his obligation to effect prompt payment, the Court will authorize and direct Hodgson Russ to withdraw from the escrow account the moneys due to the firm under the plan in the amount of $10,125, together with commissions payable to the Chapter 12 Trustee on account of this satisfaction of the firm's pre-confirmation claim. By appropriate motion, interested parties may seek authorization for distribution of any remaining escrow balance.

For the reasons stated above, the Court will deny as moot that portion of the motion which seeks authority to employ counsel *nunc pro tunc* as of the petition date. That portion of the motion which seeks authorization to use escrowed funds is granted in part to the extent expressly authorized herein.

So ordered.

Dated: April 5, 2023                    /s/ Carl L. Bucki_____
       Buffalo, New York                Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.